**In re Petition for DISCIPLINARY ACTION AGAINST John R. JESPERSON, a Minnesota Attorney, Registration No. 176096.**

No. A06–1091.

Supreme Court of Minnesota.

July 28, 2006.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent John R. Jesperson committed professional misconduct warranting public discipline, namely, neglect of two client matters and failure to communicate with either client, in violation of Minn. R. Prof. Conduct 1.3, 1.4, 1.16(d) and 8.4(d).

Respondent has entered into a stipulation with the Director in which respondent admits the allegations of the petition and the parties jointly recommend that the appropriate discipline is a public reprimand and two years' supervised probation, subject to the following conditions:

(a) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of probation. Within two weeks of the date of the stipulation, respondent shall provide to the Director the names of two attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph (b) below. Respondent shall make active client files available to the Director upon request.

(b) Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(c) In the event respondent is retained to handle any probate matters, or any other matters concerning or related to the estates of decedents or incompetents, respondent shall within ten days provide the supervisor with a copy of the written retainer agreement. Respondent shall provide the supervisor with a separate file inventory for these probate matters and shall keep the supervisor advised of respondent's progress in completing them.

(d) Respondent shall initiate and maintain office procedures that ensure there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

(e) Within 30 days from the execution of this stipulation, respondent shall provide to the Director and to his probation supervisor (if any) a written plan outlin-

ing office procedures designed to ensure that respondent is in compliance of probation requirements. Respondent shall provide progress reports as requested.

(f) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(g) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(h) Respondent agrees to the imposition and payment of $900 in costs under Rule 24, Rules on Lawyers Professional Responsibility.

The court has independently reviewed the file and approves the jointly recommended disposition, with the added condition that respondent provide the Montgomery probate file to successor counsel within five days of the filing of this order, if respondent has not already done so.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent John R. Jesperson is publicly reprimanded and placed on supervised probation for a period of two years from the filing of this order, subject to the conditions set forth above.

BY THE COURT:

/s/Helen M. Meyer
Associate Justice